## WILLIAM MARR *versus* STEPHEN BOOTHBY, & *als.*

An administrator's deed made after more than one year had elapsed since the license to sell was granted by the Judge of Probate, is void.

A deed of release and quit-claim without proof of actual or constructive possession of the premises by the grantor, or of any entry by the grantee, is not sufficient proof of title to enable the grantee to maintain trespass *quare clausum.*

THIS was an action of trespass *quare clausum.* The general issue was pleaded. The trespass alleged was for breaking and entering lot 69, third division, in Standish, and for cutting down and carrying away a number of pine trees.

The plaintiff offered in evidence a deed of said lot from Mehitable Pierce, administratrix of William Pierce, to himself. The deed purported on its face to have been given by said administratrix after more than one year had elapsed from the date of her license to sell real estate. He also read a deed of quit-claim of said lot to himself, from John Sands, dated July 5, 1832 — also a collector's deed from the collector of Standish, to said Sands, on which was the following indorsement: —

"Standish, March 2, 1833. Received of Stephen C. Watson, for William Pierce, the amount which I have paid for the within deed, and interest. I therefore give up all the claims which I have on the within named lot.    JOHN SANDS."

Upon this evidence, SHEPLEY J. directed a nonsuit, which is to be confirmed or set aside, and a new trial granted, as the Court shall determine, upon consideration of the case.

*Howard* and *Osgood,* for the plaintiff.

*Deblois* and *Swasey,* cited *Willard* v. *Nason,* 5 Mass. R. 240; *Wellman* v. *Lawrence,* 15 Mass. R. 326; *Bott* v. *Burnell,* 9 Mass. R. 96; *Macy* v. *Raymond,* 9 Pick. 285.

The opinion of the Court was delivered by

WHITMAN C. J. — This being an action of trespass *quare clausum,* it was incumbent on the plaintiff to give some evidence of title. For this purpose he produced a deed of the

premises, purporting to have been made by an administratrix, pursuant to a license for that purpose. But at the time of making it more than one year had elapsed since the license was granted. The deed therefore was inoperative. *Macy* v. *Raymond*, 9 Pick. 285.

The plaintiff then produced a deed of release and quit-claim from a person, who seems to have claimed to have purchased the premises, or *locus in quo*, at a sale by a collector of taxes. Under such a deed the plaintiff should have given evidence of his possession at the time of the execution of it, either actual or constructive ; or that he had since entered and become possessed of the premises ; neither of which appearing in the case a nonsuit was properly ordered, and must be confirmed, and judgment be entered accordingly.